**Reversed and Remanded and Plurality, Concurring, and Dissenting Opinions filed January 24, 2013.**



In The

# Fourteenth Court of Appeals

---

## NO. 14-11-01074-CV

---

## KEN HOAGLAND, Appellant

## V.

## BILL BUTCHER, KARI BUTCHER, BUTCHER & BUTCHER, AND OCTV PARTNERS, LLC, Appellees

---

**On Appeal from the 80th District Court
Harris County, Texas
Trial Court Cause No. 2010-58144**

---

## C O N C U R R I N G   O P I N I O N

In this special-appearance appeal, appellant/plaintiff Ken Hoagland challenges the trial court's order granting the special appearance filed by appellees/defendants Bill Butcher, Kari Butcher, Butcher & Butcher, and OCTV Partners, LLC (hereinafter collectively the "Butcher Parties"). For the reasons discussed below, in their special appearances, the Butcher Parties did not present

evidence negating the assertion of personal jurisdiction based on specific jurisdiction. Therefore, it is proper to reverse the trial court's order and remand this case for further proceedings.

In his petition, Hoagland alleges as follows:

- The events which form the basis of this suit occurred in Harris County, Texas.

- Hoagland is a resident of Harris County, Texas.

- Each of the Butcher Parties made written and oral misrepresentations of material fact to Hoagland in email, telephone conversations, and in-person meetings while Hoagland was in Harris County, Texas.

- Bill and Kari Butcher made trips to Houston, Texas, as part of their effort to mislead Hoagland, and attended meetings with Hoagland during which fraudulent misrepresentations were made by each of the Butcher Parties to Hoagland.

- The Butcher Parties have sent money to Hoagland in accordance with an enforceable oral agreement during calendar years 2009 and 2010 for services performed by Hoagland, but eventually the Butcher Parties breached their oral agreement with Hoagland by wrongfully refusing to continue paying money to Hoagland for services rendered in the past and to be rendered in the future.

- In 2010, the Butcher Parties wrongfully appropriated Hoagland's name, likeness, and proprietary data, and they refuse to stop the unauthorized use of the same. The wrongful appropriation includes the public display and use of data within the State of Texas on public social messaging sites.

- The Butcher Parties hired Hoagland to continue to act as Chairman of the FairTax Campaign, to write virtually everything related to the campaign, as well as to appear on local and national media outlets and to lead rallies.

Hoagland alleges breach of contract as his primary claim, and he also alleges quantum meruit, fraudulent inducement, fraud, and wrongful appropriation of Hoagland's name and likeness. Though Hoagland makes various allegations and asserts a variety of claims against the Butcher Parties, the gravamen of Hoagland's lawsuit is that he performed various services in support of the FairTax Campaign

2

under contract with the Butcher Parties, and the Butcher Parties have breached their contract by not paying Hoagland for these services.[1] According to his petition, Hoagland performed these services in Texas, and the Butcher Parties sent money to Hoagland under an enforceable oral agreement for services performed by Hoagland. Contracting with a Texas resident and sending payments to Texas under a contract do not alone support specific jurisdiction; however, a defendant may be subject to personal jurisdiction under a specific-jurisdiction analysis if the defendant enters into a contract that has a substantial connection with Texas, and thereby purposefully directs his activities towards Texas. *See Retamco Operating, Inc. v. Republic Drilling Co.*, 278 S.W.3d 333, 338–41 (Tex. 2009); *Zac Smith & Co. v. Otis Elevator, Inc.*, 734 S.W.2d 662, 664–66 (Tex. 1987); *Nance Int'l, Inc. v. Oceanmaster Engineering PTE, Ltd.*, No. 01-11-00664-CV, 2012 WL 5381224, at *5–8 (Nov. 1, 2012, no pet.) (mem. op.); *Intercarga, S.A. v. Fritz Companies, Inc.*, No. 14-02-00297-CV, 2003 WL 21402583, at *7–8 (June 19, 2003, no pet.) (mem. op.).

In support of their special appearances, the Butcher Parties submitted affidavits from William Butcher, Kari Butcher, and Marc Kassoff. The only evidence that arguably speaks to the location at which Hoagland performed his services is the following statement contained in the affidavits of both Kari Butcher and Marc Kassoff: "To the best of my knowledge and belief, all of the transactions regarding OCTV Partners, LLC, have taken place in California." Such statements lack probative value and are legally insufficient, even absent objection by Hoagland

---

[1] In conducting the personal-jurisdiction analysis in the case under review, this court does not adjudicate the merits of Hoagland's claims. *See Bougie v. Technical Risks, Inc.*, No. 14-03-01222-CV, 2004 WL 2902508, at *5 (Tex. App.—Houston [14th Dist.] Dec. 16, 2004, no pet.) (mem. op.).

3

in the trial court.[2]  *See Kerlin v. Arias*, 274 S.W.3d 666, 668 (Tex. 2008); *Deacetis v. Wiseman*, No. 14-09-00308-CV, 2010 2731040, at \*3 n.2 (Tex. App.—Houston [14th Dist.] July 13, 2010, no pet.) (mem. op.).  Thus, the Butcher Parties submitted no competent evidence contradicting Hoagland's allegation that he performed the services in question in Texas.

In addition, the Butcher Parties submitted no legally sufficient evidence contradicting Hoagland's allegation that the Butcher Parties entered into an oral agreement for the performance of services by Hoagland.  None of the affidavits contain statements contradicting this allegation as to Bill Butcher, Kari Butcher,[3] or OCTV Partners, LLC.  Bill Butcher's affidavit contains a denial that Butcher & Butcher entered into any contracts with Hoagland regarding the transactions made the basis of this suit, but this statement is conclusory and therefore legally insufficient.  *See Wadewitz v. Montgomery*, 951 S.W.2d 464, 466 (Tex. 1997); *B.Z.B., Inc. v. Clark*, No. 14-11-00056-CV, 2012 WL 353783, at \*3 (Tex. App.—Houston [14th Dist.] Feb. 2, 2012, no pet.) (mem. op.).

The affidavits also contain (1) statements denying that some of the Butcher Parties made representations to Hoagland in Texas regarding the business transaction made the basis of this case, and (2) statements denying that some of the Butcher Parties made any payments to Hoagland in Texas regarding that transaction.  These statements are conclusory and therefore legally insufficient.  *See Wadewitz*, 951 S.W.2d at 466; *B.Z.B., Inc.*, 2012 WL 353783, at \*3.

---

[2] The two cases cited in the dissenting opinion do not hold to the contrary. *See Grupo TMM, S.A.B. v. Perez*, 327 S.W.3d 357, 361 (Tex. App.—Houston [14th Dist.] 2010, pet. denied]; *McMahan v. Greenwood*, 108 S.W.3d 467, 498 (Tex. App.—Houston [14th Dist.] 2003, pet. denied).

[3] In her affidavit, Kari Butcher states that she "did not sign any contracts with [Hoagland] regarding the transactions made the basis of the captioned case in Texas."  Even if this statement were not conclusory, it does not address oral contracts.

4

The Butcher Parties submitted three short affidavits, containing various statements that are legally insufficient.  The portions of these affidavits that are legally sufficient do not suffice to satisfy the Butcher Parties' burden of negating the assertion of personal jurisdiction based on specific jurisdiction.  *See D.H. Blair Investment Banking Corp.*, 97 S.W.3d 269, 277–79 (Tex. App.—Houston [14th Dist.] 2002, pet. dism'd w.o.j.).  Thus, the trial court erred in granting the Butcher Parties' special appearances, and the proper course is to reverse the trial court's order and remand for further proceedings.

For the foregoing reasons, I respectfully concur in the court's judgment.


/s/    Kem Thompson Frost
Justice


Panel consists of Justices Frost, Christopher, and Jamison.  (Jamison, J., plurality) (Christopher, J., dissenting).